IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO ALEXANDER GOMEZ,

    Petitioner,                      No. CIV S-03-2558 DFL GGH P

    vs.

C.K. PLILER, et al.,                    ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction for two counts of assault with a deadly weapon, plus enhancements for personal infliction of great bodily injury and commission in connection with a street gang. Petitioner is serving a prison term of 19 years.

    On December 15, 2003, petitioner filed the original petition. On July 28, 2004, this action was stayed so that petitioner could exhaust his unexhausted claims in state court. On August 8, 2005, the court lifted the stay and directed petitioner to file an amended petition containing his exhausted claims. On September 9, 2005, petitioner filed an amended petition.

    On October 7, 2005, respondent filed a motion to dismiss on grounds that the amended petition contained an unexhausted claim. On December 2, 2005, the court issued an

1

order observing that petitioner had not filed an opposition.  The court ordered respondent to re-serve the motion on petitioner at his most current address.  Unknown at the time the December 2, 2005, order was prepared, petitioner had filed an opposition on November 28, 2005.

On December 5, 2005, respondent re-filed the motion to dismiss.  On January 6, 2006, petitioner re-filed his opposition.

After carefully reviewing the record, the court recommends that respondent's motion to dismiss be denied.

II.  Discussion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Respondent argues that petitioner's amended petition raises a claim that is not exhausted: with respect to the street gang enhancement, there was insufficient evidence that petitioner acted with the specific intent to promote, further or assist in criminal conduct by other gang members.  Respondent argues that petitioner did not file a habeas petition in state court after his motion to stay this action was granted.  Respondent also argues that petitioner did not raise this claim in his original federal petition filed December 15, 2003.

In his November 28, 2005, opposition, petitioner argues that he raised the at-issue insufficiency of evidence claim in his original federal petition at page 44 of his points and authorities:

> Moreover, petitioner herein submits that not one time throughout the entire trial did the prosecution establish that petitioner in fact acted with the "specific intent" to promote, further, or assist in criminal conduct by gang members.  The

1  prosecution spent most (if not all) of his time attempting to establish that the crime was committed for the benefit of the West Side Loc's, and never in fact felt
2  it necessary to meet his burden of proving this element true beyond a reasonable doubt. [Footnote]
3
4  [Footnote: The question of whether acted with specific intent during the crime is not the question.  The question is whether petitioner acted with the specific intent to promote, further, or assist in any criminal conduct by
5  other gang members.  The record transcripts clearly prove to the contrary.]
6  Original Petition filed December 15, 2003, Points and Authorities, p. 44: 5-11.
7  Petitioner clearly raised the at-issue insufficient evidence claim in his original
8  federal petition.
9  In his November 28, 2005, opposition, petitioner also argues that he exhausted the
10 at-issue insufficient evidence claim.  Attached to petitioner's opposition as Exhibit A is a copy of
11 a habeas corpus petition he filed in the California Supreme Court on July 21, 2004.  Also
12 attached is a copy of an order by the California Supreme Court dated June 8, 2005, denying this
13 petition without comment or citation.
14 At page 4 of his petition filed in the California Supreme Court on July 21, 2004,
15 petitioner states,
16 Moreover, not only did the prosecution fail to produce substantial evidence proving beyond a reasonable doubt the "primary activity" element.  He further
17 failed to provide any evidence whatsoever establishing that petitioner acted with the "specific intent to promote, further, or assist in criminal conduct by other gang
18 members" which is a requirement necessitating to be proved beyond a reasonable doubt.  There was never so much as a single thread of "evidence" indicating that
19 petitioner acted with that specific intent in the course of the crime.
20 It is clear that petitioner presented the at-issue insufficiency of evidence claim to
21 the California Supreme Court in the petition filed July 21, 2004.  This claim is exhausted.
22 For the reasons discussed above, respondent's motion to dismiss should be
23 denied.
24 Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss
25 filed December 5, 2005, is vacated as unnecessary;
26 /////

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss filed October 7, 2005, be denied; respondent be ordered to file an answer to the amended petition.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
gom2558.mtd